UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------- x

JUAN SANTIAGO,

Plaintiff,

**STIPULATION AND
PROTECTIVE ORDER**

-against-

08 CV 9749 (NRB)

THE CITY OF NEW YORK, POLICE OFFICER
MICHAEL MCHUGH, POLICE OFFICER RICHARD
CARRASQUILLO AND POLICE OFFICER TIMOTHY
MERRIT,

Defendants.

----------------------------------------------------------------------- x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/29/09

    **WHEREAS**, plaintiff has sought certain documents from defendants Michael

Mchugh, Richard Carrasquillo and Timothy Merritt ("defendants") in this action, which

documents defendants deem confidential; and

    **WHEREAS**, defendants object to the production of those documents unless

appropriate protection for their confidentiality is assured;

    **NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by

and between the attorneys for plaintiff and defendants, as follows:

    1.  As used herein, "Confidential Materials" shall mean the Performance

Evaluations of Michael Mchugh, Richard Carrasquillo and Timothy Merritt, and any other

documents that the defendants may in the future in good faith deem "Confidential Materials"

pursuant to this Order, including any records pertaining to allegations of misconduct made

against police officers, because of privacy, law enforcement or governmental interests, except

that such documents and information shall not be deemed "Confidential Materials" to the extent,

and only to the extent, that they are otherwise publicly available.

2.    Plaintiff's attorneys shall not use the Confidential Materials for any

purpose other than for the preparation or presentation of Plaintiff's case in this action.

3.    Plaintiff's attorneys shall not disclose the Confidential Materials to any

person not a member of the staff of their law office, Robin C. Smith, Esq., except under the

following conditions:

a.  Disclosure may be made only if necessary to the preparation or presentation of plaintiff's case in this action.

b.  Disclosure before trial may be made only to the parties, to an expert or experts who has or have been retained or specially employed by their attorneys in this action in anticipation of litigation or preparation for this action, to a witness at deposition, or to the Court. In the event a conflict arises between the parties as to whether plaintiff may show the Confidential Materials to a potential deponent, or other person whom counsel reasonably believes may have knowledge of the information described or referred to in the Confidential Materials, plaintiff agrees not to do so until such time that the parties can obtain a ruling from the Court in this regard.

c.  Before any disclosure is made to a person listed in subparagraph (b) above (other than to the Court), plaintiff's attorney shall provide each such person with a copy of this Stipulation and Protective Order, and such person shall consent in writing, in the form annexed hereto as Exhibit A, not to use the Confidential Materials for any purpose other than in connection with the prosecution of this case and not to further disclose the Confidential Materials except in testimony taken in this case. The signed consent order shall be retained by plaintiff's attorneys and a copy shall be furnished to defendants' attorneys upon their request.

4.    Deposition testimony concerning any Confidential Materials that reveals

the contents of such materials shall be deemed confidential, and the transcript of such testimony,

together with any exhibits referred to therein, shall be separately bound, with a cover page

prominently marked "CONFIDENTIAL." Such portion of the transcript shall be deemed to be

Confidential Materials within the meaning of this Stipulation and Protective Order.

5.    If any paper which incorporates any Confidential Materials or reveals the

contents thereof is filed in this Court, those pages containing Confidential Materials shall be

delivered to the Court enclosed in a sealed envelope bearing the caption of this action, an

indication of the nature of the contents, and the following legend:

## CONFIDENTIAL

> This envelope contains documents or information
> designated confidential pursuant to an order entered by
> the United States District Court for the Eastern District
> of New York in the above-captioned action. This
> envelope shall not be opened or unsealed without the
> express direction of a judge of this Court, and its
> contents shall not be displayed or revealed except as the
> Court may order. This envelope and its contents shall
> at all times be maintained separate and apart from the
> publicly available files of this case.

6.     Within 30 days after the termination of this case, including any appeals,

the "Confidential Materials," including all copies, notes, and other materials containing or

referring to information derived therefrom, shall be delivered to defendants' attorneys or, upon

their consent, destroyed, and all persons who possessed such materials shall verify their return or

destruction by affidavit furnished to plaintiff's attorney, if requested.

7.     However, where the confidential information is not material to

issues addressed in court submissions and the parties agree that the redaction of personal,

confidential and/or identifying information would be sufficient to protect the interests of parties

or non-parties, the parties may file redacted documents without further order of the Court

8.     In addition, where advance notice is given by plaintiff and the parties

agree that the confidential information is being used in support of a motion for summary

judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure by plaintiff or is being

produced at a trial on the merits in this matter, after due consideration to its admissibility has

been made by the Court, such information will not be subjected to the instant protective order

- 3 -

and will be made available to the public so long as defendants' social security numbers, home addresses, telephone numbers and family names are redacted and/or remain confidential.

9.      Nothing in this Stipulation and Protective Order shall be construed to limit defendants' use of the Confidential Materials in any manner.

Dated:  New York, New York
        September 17, 2009

ROBIN C. SMITH, ESQ.
*Attorneys for Plaintiff*
25 8th Ave
Brooklyn, NY 11217-3767
(718) 403-9599

By: _____
        Robin C. Smith, Esq.

MICHAEL A. CARDOZO
Corporation Counsel of the
  City of New York
*Attorney for Defendants*
100 Church Street
New York, New York 10007
(212) 788-1177

By: _____
        Benjamin E. Stockman
        Assistant Corporation Counsel

SO ORDERED:

HON. NAOMI REICE BUCHWALD
UNITED STATES DISTRICT COURT

Dated: New York, New York
        September 29, 2009

- 4 -

## EXHIBIT A

    The undersigned hereby acknowledges that s/he has read the Stipulation and Protective Order dated September __, 2009, in the action entitled *Juan Santiago v. City of New York. et al.*, 08 CV 9749 (NRB), and understands the terms thereof. The undersigned agrees not to use the Confidential Materials defined therein for any purpose other than in connection with the prosecution of this case, and will not further disclose the Confidential Materials except in connection with the litigation of this matter.

Date: _____    Signature: _____

                     Print Name: _____

                     Occupation: _____